MARY L. SMITH, ADMINISTRATRIX, ET AL. *vs.* AGOSTINO
DOTOLO ET AL.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and AVERY, JS.

Touching conflicting descriptions in a deed, the trial judge informed
the jury that known and fixed monuments prevailed over desig-
nated distances and quantity; and that if they could not reconcile
the two descriptions, they should take the construction which was
borne out by a fixed monument upon the ground. *Held* that
such instruction sufficiently covered the subject.

In an action to recover the possession of real estate and damages for
injuries thereto, the jury found for the plaintiff and awarded
$500 damages, which the defendants claimed was excessive. *Held*
that the refusal of the trial court to set the verdict aside could not
be said, as a matter of law, to be so unreasonable as to make it
reversible error.

Argued June 12th—decided June 22d, 1923.

ACTION to recover possession of certain land in
Waterbury, and damages for injuries thereto, brought
to the Superior Court in New Haven County and
tried to the jury before *Keeler, J.;* verdict and judgment
for the plaintiffs, against both defendants, for the
possession of the premises and $500 damages, and
appeal by the defendants. *No error.*

*Charles W. Bauby,* for the appellants (defendants).

*Edward J. Finn,* for the appellees (plaintiffs).

PER CURIAM. Assignments of error relative to
adverse possession, by the admission of counsel for
the defendants in the trial, are not in the case. None
of the assignments based upon the requests to charge
were pursued in brief or argument, except the fifth,

which related to the superiority, in conflicting descriptions in a deed, of known and fixed monuments over designated distances and quantity. We think the trial judge sufficiently covered this subject when he said: "The defendants' counsel has asked me to call your attention to the fact that in the construction of deeds, monuments, fixed monuments, that is, fences or anything of that kind, prevail over the descriptions of the deeds. That is so. If you cannot reconcile the two, why you go by something that is fixed on the ground, and take the construction which is borne out by such fixed monument."

The only other assignment of error pursued is from the denial of the motion to set aside the verdict upon the ground that it is excessive. The court refused to set it aside mainly because in view of the claim of punitive damages "it is not clear that the total damages allowed by the jury were so excessive as to demand reduction." As the record stands we are unable to say, as a matter of law, that this conclusion is so unreasonable as to make it reversible error.

There is no error.